UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANITA BRADLEY, ERICA CHAPPELL,
ANGELA HAMM, AND BARBARA KEMP,

    Plaintiffs,

v.

    Case No. 22-cv-11565
    Hon. Matthew F. Leitman

FOUNTAIN BLEU HEALTH AND
REHABILITATION CENTER, INC.,

    Defendant.
_____/

**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND (ECF No. 6)**

Plaintiffs Shanita Bradley, Erica Chappell, Angela Hamm, and Barbara Kemp are former employees of Defendant Fountain Bleu Health and Rehabilitation Center, Inc. ("Fountain Bleu"). In this action, which Plaintiffs originally filed in the Wayne County Circuit Court, they allege that Fountain Bleu discriminated against them and retaliated against them in violation of Michigan's Elliot-Larsen Civil Rights Act (the "ELCRA"), Mich. Comp. Laws § 37.2101, *et seq*. (*See* Compl. at Counts II-VI, ECF No. 1, Page ID.14-21.) Plaintiffs also bring a claim under Michigan common law for wrongful discharge in violation of public policy (the "Wrongful Discharge Claim"). (*See id.* at Count VII, PageID.21-22.) In the Wrongful Discharge Claim, Plaintiffs allege that Fountain Bleu violated Michigan public policy by firing them for exercising rights conferred upon them by the ELCRA and two federal statutes:

1

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and the Occupational Safety and Health Act, 29 U.S.C. § 651, *et seq.* ("OSHA"). (*See id.*)

Fountain Bleu removed the action to this Court on July 11, 2022. (*See* Notice of Removal, ECF No. 1.)  Fountain Bleu contends that this Court has federal question jurisdiction over the action under 28 U.S.C. § 1331 because Plaintiffs' Wrongful Discharge Claim "depends on resolution of a substantial question of federal law," namely, whether Defendants violated Title VII and OSHA. (*Id.*, PageID.4-5.)

For the reasons explained below, the Court concludes that the resolution of Plaintiffs' Wrongful Discharge Claim does not require the resolution of a substantial federal question.  The Court therefore lacks federal question jurisdiction over this action.  Accordingly, the Court **GRANTS** Plaintiffs' motion to remand.

**I**

Before turning to the Plaintiffs' motion to remand, the Court notes that there seems to be a basis to question whether Plaintiffs have reasonable grounds for pursuing their claims in this action.  Plaintiffs previously asserted essentially the same claims in an earlier civil action filed in this Court. (*See Bradley v. Fountain Bleu*, E.D. Mich. Civil Action No. 19-cv-12396 ("*Bradley I*").)  Plaintiffs then stipulated to submit the claims In *Bradley I* to arbitration.  An arbitrator dismissed those claims as time-barred under a limitations provision of Plaintiffs' employment

2

contracts.  Fountain Bleu then asked this Court to vacate the arbitrator's ruling, and the Court refused to do so. (*See id.*, Dkt. No. 27.)  Plaintiffs did not appeal this Court's order refusing to vacate the arbitrator's dismissal of their claims.  Instead, Plaintiffs filed this new action in state court in which they re-assert the same claims that the arbitrator dismissed in the ruling that this Court declined to vacate.

Plaintiffs seem to suggest that they have a reasonable basis for re-asserting their claims because, after the arbitrator entered her order dismissing Plaintiffs' claims as time-barred, the Michigan Supreme Court agreed to hear a case that arguably calls into question the basis for the arbitrator's ruling. (*See Compl.*, ECF No. 1, PageID.12.)  But this Court already considered and rejected that argument. (*See Bradley I*, Dkt. No. 27, PageID.636-637.)  in *Bradley I*, this Court explained that the arbitrator's ruling must stand because it did not rest upon an obvious misapplication of the law as it existed at the time the arbitrator ruled. (*See id.*)  And, again, Plaintiffs did not appeal that ruling.

The viability of Plaintiffs' claims deserves a careful look at this action proceeds.

## II

The Court now turns to Plaintiffs' motion to remand.  While Plaintiffs' claims may be on shaky ground, their motion has merit and must be granted.

3

In order to invoke a federal court's removal jurisdiction under 28 U.S.C. § 1441(b), a defendant must demonstrate that the district court would have original jurisdiction over the action. *See Eastman v. Marine Mechanical Corp.*, 438 F.3d 544, 549 (6th Cir. 2006). Here, Fountain Bleu contends that removal was proper because the Court has original federal question jurisdiction under 28 U.S.C. § 1331.

Under that statute, this Court has "federal question" jurisdiction "only [in] those cases in which a well-pleaded Complaint establishes either that federal law creates the cause of action or that the plaintiff[']s right to relief necessarily depends on resolution of a substantial question of federal law." *Thornton v. Southwest Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990). Plaintiffs' Complaint here establishes neither ground.

First, federal law does not create any of the causes of action asserted by Plaintiffs. Their claims arise under Michigan statutory and common law.

Second (and contrary to Fountain Bleu's contention), even though Plaintiffs' Wrongful Discharge Claim rests, in part, on their allegation that they were fired for exercising rights conferred upon them by Title VII and OSHA, the claim does not necessarily depend upon resolution of a substantial federal question. Indeed, the Sixth Circuit has squarely held that a state-law claim for wrongful discharge in violation of public policy does not require resolution of a substantial federal question where, as here, the claim identifies "alternate bases in state and federal law for the

4

public policy in contravention of which he was discharged." *Long v. Bando Mfg. of America, Inc.*, 201 F.3d 754, 761 (6th Cir. 2000) (claim for discharge in violation of public policy did not confer jurisdiction under the substantial federal question doctrine because plaintiff identified both federal and Kentucky statutes as establishing the relevant public policy). Since Plaintiffs identify both state and federal statutes as the source of the public policy underlying their claim, the claim does not require resolution of a substantial federal question. *See, e.g.*, *Strong v. Print U.S.A., Ltd.*, 230 F.Supp.2d 798, 800 (N.D. Ohio 2002) ("Finally, the state public policy claim does not turn on the construction of a substantial, disputed federal question. On its face, the claim refers to both the Ohio Revised Code and Title VII as sources of Ohio's public policy.").

### III

For the reasons explained above, none of Plaintiffs' claims require the Court to resolve a substantial federal question. Thus, this Court lacks subject matter jurisdiction over this action. Plaintiffs' motion to remand (ECF No. 6) is therefore **GRANTED.**

**IT IS SO ORDERED.**

                                              s/Matthew F. Leitman
                                              MATTHEW F. LEITMAN
                                              UNITED STATES DISTRICT JUDGE

Dated: October 6, 2022

      I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 6, 2022, by electronic means and/or ordinary mail.

                                      s/Holly A. Ryan
                                      Case Manager
                                      (313) 234-5126